**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-CR-20707-COOKE**

**UNITED STATES OF AMERICA**

**vs.**

**MICHAEL ELISIO PEREZ,**

      **Defendant.**
_____/

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    Enclosed, please find copies of any written statements made by the defendant.

            2.    Attached is the portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

            3.    No defendant testified before the Grand Jury.

            4.    The defendant's prior criminal record, if any exists, is attached.

            5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 600. Please call the undersigned to set up a date and time for a discovery conference that is convenient to both parties.

                 The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to

introduce at trial.

6.     There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.     The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b).  Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.     The defendant is an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518. The circumstances were as follows:

a) On April 19, 2017, the Honorable Joan A. Lenard, United States District Court Judge, signed an order authorizing the interception of electronic communications occurring over the e-mail account "moralesj344@yahoo.com," (the "TARGET ACCOUNT"). Authorization was granted to intercept the communications of: Jaime FERNANDEZ DEL PINO; Olivia LOPEZ; Jose Manuel RUIZ DIAZ; and others yet unidentified (the "TARGET SUBJECTS").

b) On April 26, 2017, at approximately 1:00 p.m., monitoring of electronic communications on the TARGET ACCOUNT began, with the first interception occurring on April 29, 2017. United States Secret Service ("USSS") Special Agents and Task Force Officers ("TFOs") have reviewed the interceptions made pursuant to the Court's order and have provided the following information concerning certain relevant conversations that have been intercepted since the issuance of this Court's order. This is a representative sampling of relevant conversations, and there may be additional relevant conversations not summarized here. In addition, there may be conversations not specifically discussed herein whose relevance is not presently apparent, but may become so upon further investigation. Many of the e-mail messages contain spelling and grammatical errors and are presented herein as excerpts, redacted for length. The interpretation of the communications are based on the context of the e-mail and the training and experience of the USSS agents and TFOs.

c) During the period of April 26, 2017 through May 26, 2017, there have been the following number of interceptions and minimizations on the TARGET ACCOUNT:
   1. Total pertinent e-mails: 36
   2. Total minimized/non-pertinent e-mails: 4
   3. Total number of privileged e-mails: 0
   4. Total number of e-mails in foreign language not yet translated: 0
   5. Total number of e-mails: 40

d) On August 23, 2017, at approximately 1:06 p.m., the Honorable Kathleen M. Williams, United States District Court Judge, signed an order authorizing the interception of electronic communications occurring over the e-mail account moralesj344@yahoo.com, referred to hereinafter as the "TARGET ACCOUNT." Authorization was granted to intercept the communications of: Jaime FERNANDEZ DEL PINO; Olivia LOPEZ; Jose Manuel RUIZ DIAZ, Julio ARJONA GOMEZ, FNU LNU, a/k/a "OzOz," and others yet unidentified (the "TARGET SUBJECTS").

e) On August 25, 2017, at approximately 8:39 a.m., monitoring of electronic communications on the TARGET ACCOUNT began, with the first interception occurring on August 25, 2017.  USSS Special Agents TFOs have reviewed the interceptions made pursuant to the Court's order and have

3

provided the following information concerning certain relevant conversations that have been intercepted since the issuance of this Court's order.

f) During the period of August 25, 2017 through September 25, 2017, there have been the following number of interceptions and minimizations on the TARGET ACCOUNT:
1. Total pertinent e-mails: 6
2. Total minimized/non-pertinent e-mails: 3
3. Total number of privileged e-mails: 0
4. Total number of e-mails in foreign language not yet translated: 0
5. Total number of e-mails: 9

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  No contraband is involved in this indictment.

L.  If you wish to inspect the vehicles used in the commission of the offense charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection.  In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of this Response to the Standing Discovery Order.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time: See Indictment
Date: See Indictment
Place: See Indictment

The attachments to this response are contained in one DVD. Please contact the undersigned Assistant United States Attorney if the DVD is missing or otherwise unreadable. Additional discovery from the forensic review of electronic devices is available, but will require defense counsel to provide a hard drive with at least 80GB of capacity.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY


By:  /s/ *Robert Juman*
ROBERT JUMAN
Assistant United States Attorney
Court ID No. A5502228
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel.: (305) 961-9425
Fax: (305) 530-7976
Email: Robert.Juman@usdoj.gov

cc:    Special Agent Peter Brown
       United States Secret Service

5

6

## **CERTIFICATE OF SERVICE**

       **I HEREBY CERTIFY** that on October 16, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF and delivered a copy of the attachments to Robert Perez, counsel for defendant.


                    */s/ Robert Juman*

                    Assistant United States Attorney