UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20707-MGC

UNITED STATES OF AMERICA

vs.

MICHAEL ELISIO PEREZ,

Defendant.
_____/

## FACTUAL PROFFER

If this matter were to proceed to trial, the United States of America would prove the following facts beyond a reasonable doubt. The Parties agree that these facts, which do not include all the facts known to the Government and MICHAEL ELISIO PEREZ ("the defednant"), are sufficient to prove the guilt of the defendant in the above-referenced Indictment:

On April 30, 2017, the defendant sent an email from an email account he controlled to his co-conspirator. The email was an order for counterfeit credit cards, listing the stolen credit and debit card account information of 253 victims, and asking that this information be used to create new cards in the name of M. R. (123 cards), as well as others: "A.P." (10 cards), "I.H." (11 cards), "I.R." (109 cards).

On May 8, 2017, the defendant sent an email from an email account he controlled to his co-conspirator. The email placed an order for counterfeit credit cards, listing the stolen credit card account information of 100 victims, to be printed in the following names: M. R. (50 cards) and "I.H." (50 cards). These were some of the same names used for the order the defendant placed on April 30, 2017.

On May 25, 2017, the defendant sent an email from an account he controlled to his co-conspirator. The email placed an order for counterfeit credit cards, listed the stolen credit card account information of 70 victims, and asked that this information be used to create new cards in the following names: "J.B." (35 cards), and "L.E." (35 cards).

In total, during the course of the investigation, the email controlled by the defendant sent over 400 stolen credit card numbers to a co-conspirator.

On November 16, 2017, law enforcement executed a search warrant at the defendant's home. Inside the defendant's home, law enforcement found a room that was operating as a credit card lab, containing, among other things: (a) 28 re-encoded credit cards, of which 5 were embossed with the defendant's name, (b) 399 blank white plastic cards, (c) rolls of tin paper used in the manufacture of fraudulent credit cards, (d) 148 multi-color plastic credit cards with various bank names printed on them, (e) equipment for creating gas pump skimmers, (f) a black shredder filled with shredded credit cards, (g) 251 sheets of holograms used to produce fraudulent credit cards and IDs, and (h) an encoder used to create fraudulent credit cards. All of these paraphernalia were consistent with making fraudulent credit cards and IDs. Law enforcement also seized a number of electronic devices, including several iPhones, sim cards, tablets, and a laptop computer. The items founds in the room operating as a credit card lab and the electronic devices belonged to the defendant.

[THIS SPACE INTENTIONALLY LEFT BLANK]

Law enforcement contacted A.S., an individual whose stolen credit card number, ending in 0147, was found during the search of the defendant's laptop compter, and confirmed that A.S. did not consent to the defendant possessing his/her credit card number.

The defendant's conduct affected interstate commerce.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged. I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 1-15-19     By: _____ Monice V. Atkins
                       YISEL VALDES         AUSA, fr
                       ASSISTANT UNITED STATES ATTORNEY

Date: 1-15-19     By: _____
                       DERIC ZACCA
                       ATTORNEY FOR DEFENDANT

Date: 01-15-19    By: _____
                       MICHAEL ELISIO PEREZ
                       DEFENDANT

3