UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20707-CR-RUIZ

**UNITED STATES OF AMERICA**

vs.

**MICHAEL ELISIO PEREZ,**

        **Defendant.**

_____/

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE**

The United States, by and through the undersigned Assistant United States Attorney, respectfully submits this response in opposition to the defendant's Motion for Early Termination of Supervised Release [D.E. 64]:

**I.     BACKGROUND**

On August 29, 2018, the government filed an Information charging the defendant with one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029 (b)(2), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  (D.E. 1).  On January 15, 2019, the defendant pleaded guilty to both counts in the Information.  (D.E. 16).

On April 29, 2019, the defendant was sentenced to 40 months as to count 1, in addition to 24 consecutive months as to count 2, followed by three years of supervised release.  (D.E. 33).  On July 18, 2019, a stipulation regarding restitution was filed stating that the United States and the defendant stipulated that the restitution amount in this case was approximately $53,391.  (D.E. 38).

After extending the surrender date, the Court ordered the defendant to surrender to the Bureau of Prisons on February 3, 2020.  (D.E. 49).  Subsequently, on July 8, 2020, the Court

granted the Government's motion pursuant to Federal Rule of Criminal Procedure 35(b) and re-sentenced the defendant to 6 months as to count 1, in addition to 24 consecutive months as to count 2, followed by three years of supervised release. (D.E. 59). In other words, the defendant was granted a reduction of approximately 53% in his sentence due to his cooperation, some of which is mentioned in the defendant's motion.

On January 14, 2022, the defendant commenced his term of supervised release, which is scheduled to expire on January 13, 2025.

## II. DISCUSSION

Initially, the undersigned was not going to oppose the defendant's motion for early termination of supervised release and had communicated this decision to the defendant and defense attorney Robin Eliani before the defendant filed the motion. However, over the weekend, specifically on Saturday, September 16, 2023, defense attorney Robin Eliani and United States Probation Officer Albin Calixte informed the undersigned via email about the pending restitution issue in this case. Probation Officer Calixte also informed the undersigned about the fact that the defendant still owes restitution imposed in a prior health care fraud case. For these reasons, the defendant's motion for early termination of supervised release should be denied.

Title 18, United States Code, Section 3583(e)(1) permits a district court to terminate a term of supervised release after the completion of one year of the term if, after considering specified factors set forth in § 3553(a), the court determines that "such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e)(1). The cited § 3553(a) factors require consideration of the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection from further crimes of the defendant, and the need to provide the defendant with educational or vocational training;

the guidelines range; the Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense.

Courts must take into account the objectives of supervised release—which include assisting those released from prison with their transition back into society—and rehabilitation. *United States v. West*, No. 00-23-CR-HL, 2011 WL 1458723, at *1 (M.D. Ga. Apr. 15, 2011) (citing *United States v. Johnson,* 529 U.S. 53, 59 (2000) and denying early termination of supervised release to defendant West who had extensively volunteered in his community after his release from prison and who had become highly involved with his local church, because his conduct was laudable, but not exceptional). "Supervised release was designed to 'improve the odds of a successful transition from the prison to liberty.'" *United States v. Reagan*, 162 Fed.Appx. 912, 914 (11th Cir. 2006) (citing *Johnson*, 529 U.S. at 708–09). "The goal is, in part, to facilitate training and rehabilitation, including restitution." *Id*.

Early termination is only occasionally justified, as Section 3583 does not provide for early termination based solely on a defendant's compliance with the terms of his supervision. *See United States v. Reisner*, No. 4:06-CR-077-SPM, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008) (denying early termination of supervised release to a defendant who had served more than half of her term of supervision, and who had complied with all the terms of her release, but who had not cited facts that demonstrated exceptionally good behavior or other extraordinary circumstances sufficient to warrant early termination of her supervised release).

The defendant has not made a single restitution payment in this case in part because his judgment was not amended to reflect that the Government and the defendant had agreed to a

3

restitution amount: $53,391.  The Government has now separately moved to amend the defendant's judgment to reflect that he owes restitution in this case.

In addition, the defendant still owes restitution in a prior federal case where he was convicted of conspiracy to commit health care fraud and health care fraud.  *See United States v. Perez*, 10-CR-20644-KMW.  In that case, on November 14, 2011, the defendant was sentenced to 24 months in prison followed by 2 years of supervised release. (D.E. 49).  The defendant was also ordered to pay restitution in the amount of $476,882.00.  Subsequently, on February 1, 2013, the Court granted the Government's motion pursuant to Federal Rule of Criminal Procedure 35(b) and re-sentenced the defendant to time served.  Then, on June 3, 2014, the Court granted the defendant's unopposed motion for early termination of supervised release. (D.E. 65).  It is significant to point out that at the time that the Court granted the defendant's unopposed motion for early termination of supervised release, he still owed restitution.  While he was on supervision, the defendant was making the required restitution payments.  However, after he was terminated from supervision and he was no longer on supervised release, the defendant stopped making the court-imposed restitution payments.  According to Probation, as of September 15, 2023, a total of $16,633.74 has been collected towards that court-ordered restitution which has an outstanding balance of $460,248.26.

Based on the defendant's past actions, he may do the same in this case.  Assuming the defendant's judgment gets amended and he is ordered to pay restitution, if the defendant's motion for early termination of supervised release is granted in this case, he may not make any other restitution payments, just like he did in his prior health care fraud case.

The defendant is also not entitled to early termination of supervised release under the First Step Act.  The undersigned has consulted with United States Probation Officer Albin Calixte as

well as his supervisor, and they both explained that credits under the First Step Act only apply to individuals who are incarcerated and not to individuals who are on supervised release. If it is true that the defendant has the 90-day credit that he claims in his motion, according to the United States Probation Office, this credit would apply to the defendant if he gets indicted in the future and/or if he ends up serving time in prison in the future.

The need to provide restitution to any victims of the offense is a factor that the Court has to consider under 18 U.S.C. § 3553(a) when deciding whether to grant the defendant's motion for early termination of supervised release. The defendant does not have one, but instead two cases where he owes restitution. He was given a chance in the past where he was terminated early from supervision, and he quickly stopped making restitution payments. There are no assurances that he would do anything different this time, or that he would make efforts to make payments towards two restitution judgments. *See United States v. Wilson*, 849 Fed.Appx. 255 (11th Cir. 2021) (affirming the district court's decision denying the defendant's motion for early termination supervised release in part because the defendant was ordered to pay $39,197.72 in restitution, and a significant amount remained outstanding).

[THIS SPACE INTENTIONALLY LEFT BLANK]

### III.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's Motion for Early Termination of Supervised Release.

                              Respectfully submitted,

                              MARKENZY LAPOINTE
                              UNITED STATES ATTORNEY

By:   /s/ Yisel Valdes
        Yisel Valdes
        Florida Special Bar No. A5502330
        Assistant United States Attorney
        99 NE 4th Street
        Miami, FL 33132
        Tel: (305) 961-9260
        Email: yisel.valdes@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                /s/ Yisel Valdes
                                                Assistant United States Attorney

Dated:   September 22, 2023