UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20707-CR-RUIZ

UNITED STATES OF AMERICA

vs.

MICHAEL ELISIO PEREZ,

        **Defendant.**
_____/

## MOTION TO AMEND JUDGMENT

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court to amend the judgment entered against defendant Michael Elisio Perez ("the defendant") to reflect the stipulated restitution amount in this case: $53,391.

**I.**    **Background**

On August 29, 2018, the Government filed an Information charging the defendant with one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029 (b)(2), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). (D.E. 1). On January 15, 2019, the defendant pleaded guilty to both counts in the Information. (D.E. 16).

On April 29, 2019, the defendant was sentenced to 40 months as to count 1, in addition to 24 consecutive months as to count 2, followed by three years of supervised release. (D.E. 33). As reflected on the judgment, a restitution hearing was scheduled for May 29, 2019, at 11:30 a.m. (*Id*.) However, that restitution hearing was not necessary because the parties agreed on the restitution amount. On July 18, 2019, a stipulation regarding restitution was filed stating that the United States and the defendant stipulated that the restitution amount in this case was

approximately $53,391.  (D.E. 38).  The Government discussed and reached this stipulation with Deric Zacca, who was the defendant's defense attorney at the time.  Deric Zacca is now an Assistant United States Attorney at the U.S. Attorney's Office in Fort Lauderdale.

After extending the surrender date, the Court ordered the defendant to surrender to the Bureau of Prisons on February 3, 2020.  (D.E. 49).  Subsequently, on July 8, 2020, the Court granted the Government's motion pursuant to Federal Rule of Criminal Procedure 35(b) and re-sentenced the defendant to 6 months as to count 1, in addition to 24 consecutive months as to count 2, followed by three years of supervised release.  (D.E. 59).

On January 14, 2022, the defendant commenced his term of supervised release, which is scheduled to expire on January 13, 2025.

## II. **The defendant's judgment should be amended to reflect the restitution amount that he owes.**

After the restitution stipulation was filed on July 18, 2019, the defendant's judgment was not amended to reflect the agreed upon restitution amount and the Court therefore failed to impose an order of restitution.  As a result, the defendant has not been making any restitution payments in this case.  The Government became aware of this issue after the defendant filed an unopposed motion for early termination of supervised release on Thursday, September 14, 2023.  (D.E. 64). The undersigned was not going to oppose the defendant's motion for early termination of supervised release and had communicated this to the defendant and defense attorney Robin Eliani. However, over the weekend, specifically on Saturday, September 16, 2023, defense attorney Robin Eliani and United States Probation Officer Albin Calixte informed the undersigned via email about the pending restitution issue.

At this time, the Government respectfully moves to amend the defendant's judgment to reflect the stipulated and agreed upon restitution amount. Even if the restitution order would be outside the ninety-day limitations period under 18 U.S.C. § 3664(d)(5), the Court can still impose restitution in this case. *See Dolan v. United States*, 560 U.S. 605, 611 (2010) ("The fact that a sentencing court misses the statute's 90–day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution.").

Restitution is mandatory in this case. For crimes committed by fraud or deceit, as here, 18 U.S.C. § 3663A(c)(1) of the Mandatory Victim Restitution Act ("MVRA") makes restitution mandatory. "Where a defendant pleads guilty or is convicted of conspiracy, the district court may order restitution for all losses which resulted from the conspiracy." *United States v. Alas*, 196 F.3d 1250, 1251 (11th Cir. 1999) (citing *United States v. Davis*, 117 F.3d 459, 462 (11th Cir. 1997)). Furthermore, "a defendant is liable for reasonably foreseeable acts of others committed in furtherance of the conspiracy of which the defendant has been convicted." *Id.* (internal quotation omitted).

"Pursuant to 18 U.S.C. § 3664(d)(5), a district court may postpone the determination of the amount of restitution for a period not to exceed ninety days, provided the restitution amount is not ascertainable at the time of sentencing." *United States v. Rodriguez*, 751 F.3d 1244, 1260 (11th Cir. 2014). In this case, as reflected on the sentencing hearing transcript (*see* Exhibit A – Sentencing Hearing Transcript) and the judgment, the restitution amount was not ascertainable at the time of sentencing and the Court therefore scheduled a restitution hearing within nine days of the sentencing hearing, on May 29, 2019. (D.E. 33). A restitution hearing was ultimately not held because the parties reached a stipulation regarding restitution.

3

However, since the defendant's judgment was not amended to reflect the stipulated restitution amount, the Court in effect failed to impose an order of restitution within the ninety-day limitations period. Nonetheless, as the Supreme Court has held, "this failure does not deprive the Court of the power to order restitution at some later date, at least where the sentencing court made it clear prior to the deadline's expiration that it would order restitution, leaving open only the amount." *See Rodriguez*, 751 F.3d at 1260 (citing *Dolan*, 560 U.S. at 605) (upholding delay of two years in imposing restitution order).

In this case, the Court made it clear at the sentencing hearing, and before the ninety-day deadline's expiration, that it would order restitution. At the defendant's sentencing hearing, the following exchange took place on the topic of restitution in this case:

| | |
|---|---|
| THE COURT: | Counsel for the United States, is there a need for a restitution hearing in this matter? |
| AUSA (Mrs. Shaw): | Yes, Your Honor, I believe so. |
| THE COURT: | I'll have Ivan give us a date at the conclusion. Once restitution is ordered by the Court, the defendant shall pay restitution in the following manner; 50 percent of any UNICOR wages or $25 per quarter. If he is not in a UNICOR job, of course, probation, the U.S. Attorney's Office, and the Bureau of Prisons shall monitor the defendant's ability to pay and the appropriate payments. |

*See* Exhibit A – Sentencing Hearing Transcript, p. 11-12.

In addition, the judgement entered against the defendant at the sentencing hearing on April 29, 2019, also mentions that restitution will be imposed. On page 5, the defendant's judgement indicates: "The determination of restitution is deferred until May 29, 2019 at 11:30 a.m. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination." (D.E. 33). The judgment also includes more information as to how the defendant should make

restitution payments once he is ordered to make such payments. (*Id.*) The notice provided in the written judgment was a factor that the Eleventh Circuit considered in *Rodriguez* when it ultimately held that the Supreme Court in *Dolan* "foreclose[d] any argument that the district court lacked jurisdiction or authority to impose an order of restitution more than ninety days after Rodriguez's sentence was imposed." *Rodriguez*, 751 F.3d at 1260.

Furthermore, at the sentencing hearing, the Government made it clear that there were victims and money stolen in this case. Specifically, the Government said: "in this case, again, there is over 3000 victims. The scheme brought in over a million dollars." *See* Exhibit A – Sentencing Hearing Transcript, p. 5, lines 15-16.

Finally, at his sentencing hearing, the defendant himself made references to the money that he had stolen from victims. For example, when he addressed the Court, the defendant said:

> "When I started doing these crimes, I did not see the impact I could have on our society, that it wasn't a big deal, I'm taking money from banks, they are rich, who cares. I was justifying my actions by thinking this way.
>
> But as I started getting more involved, mostly towards the end, I started realizing that what I was doing, in fact, does have a huge impact in more than just the banks. During my course of committing these crimes, I noticed people don't have as much money as I would think. I would play scenarios in my head: If I take out a hundred dollars, what if the account holder has babies or kids, and if they go last minute to buy milk or diapers, and then someone like me would take their money out? Sure, they would get their money back, but sometimes the bank doesn't make the funds available right away. Will that baby suffer or starve until the funds become available? The stress that I was causing them on there everyday lives began to make me uncomfortable with myself."

*See* Exhibit A – Sentencing Hearing Transcript, p. 9, lines 6-22.

For all these reasons, it would be disingenuous at this time for the defendant to argue that he did not know (and therefore is surprised to find out) that restitution would be owed in his case; that he did now know that the Court intended to impose a restitution order, and that he is somehow

5

prejudiced by being ordered to pay restitution now. *See United States v. Brannon*, No. 11–13624, 2012 WL 1758998, at *3 (11th Cir. May 17, 2012) (". . . during the 90–day statutory period, Brannon was aware of the likelihood, and not just the possibility, of a forthcoming restitution order. Consequently, it is appropriate, under the facts of this case, that we excuse the district court's untimely order because Brannon nevertheless had notice of his restitution obligation and he was not prejudiced.")  In addition, the undersigned would not have filed a stipulation regarding restitution and would not have represented to the Court that the parties had an agreement about restitution without first speaking to the defendant's defense counsel, who in turn would have consulted with the defendant.

Finally, policy reasons in support of the Supreme Court's decision in *Dolan* are applicable here as well.  The Supreme Court stated in *Dolan* that the statutory deadline in 18 U.S.C. § 3664(d)(5) existed to encourage the court's "speed," not to limit the court's jurisdiction to a 90–day time period. *Dolan*, 560 U.S. at 610-611.  The Supreme Court also said that it found that "the [statute's] efforts to secure speedy determination of restitution is primarily designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability." *Id*. at 613.  The Supreme Court was clear that victims should not be punished and be prohibited from obtaining restitution because the Government or the district court failed to ensure a timely restitution judgment. *See id*.

The defendant knew restitution would be imposed.  The Government filed a stipulation reflecting the agreement of the parties regarding restitution.  Policy reasons weigh in favor of imposing restitution in this case.

### III.     Conclusion

For all these reasons, the Government respectfully requests that the Court amend the judgment against the defendant to reflect a restitution amount of $53,391.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:     /s/ Yisel Valdes
Yisel Valdes
Florida Special Bar No. A5502330
Assistant United States Attorney
99 NE 4th Street
Miami, FL 33132
Tel: (305) 961-9260
Email: yisel.valdes@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that, on September 22, 2023, I electronically filed and served this document with the Clerk's Office in the Southern District of Florida.

                                                  /s/ Yisel Valdes
                                                  Assistant United States Attorney